UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSE HERNANDEZ,

                Plaintiff,

-against-

ANGELO'S DELI CORP. and 5000 GRAND LLC,

                Defendants.

Case No. 19 CV 6711

COMPLAINT

---

Plaintiff, JOSE HERNANDEZ (hereinafter "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues defendants ANGELO'S DELI CORP. (the "Deli") and 1655 REALTY CORP (the "Landlord") (the Deli and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

1. Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Deli's goods and services.

2. Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

3. Defendants have discriminated, and continue to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction

over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. The Plaintiff is and has been at all times material hereto a resident of the State of New York.

7. Plaintiff qualifies as an individual with a disability as defined by the ADA (and the New York State laws relevant to this action) he suffered a spinal cord injury in 1995, and, as a result, uses a wheelchair to ambulate.

8. The Deli operates a retail food service business open to the general public at the premises known and designated 5000 Grand Avenue, Maspeth, New York (the "Property").

9. The Landlord is the owner of the Property.

10. The Landlord allows the Deli to occupy the Property pursuant to the terms of a written agreement.

## STATEMENT OF FACTS

11. Plaintiff is in the area due to his job and patronizes accessible businesses in the neighborhood where the Property is located.

12. Plaintiff would like to enter the Deli but has been deterred and prevented from doing so as a result of the rise at the entrance, the last time prior to the filing of the complaint having been on or about September 19, 2019.

13. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendants' unlawful disability discrimination.

14. As more fully set forth below, Defendants are in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

15. Plaintiff will continue to visit the Deli and will enter if the barriers to his enjoyment of the facilities have been removed.

16. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. The services, features, elements and spaces of the Deli are not readily accessible to, or usable by Plaintiff.

18. The failure of the Deli to provide equal benefit of its goods, services, facilities, privileges, advantages, or accommodations to all patrons constitutes discrimination (42 USC § 12182(b) (ii)).

19. Under the ADA, both the property owner and lessee are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease

agreement). 28 C.F.R. 36.201(b).

20. Records of the NYC Department of Buildings reveal that alterations took place at the Property commencing in 2006, the precise nature and scope of said alterations being presently unknown and more particularly within the knowledge of Defendants.

21. The services, features, elements and spaces of the Deli are not readily accessible to, or usable by Plaintiff, as required by the 1991 ADA Standards for Accessible Design (the "Standards").

22. An inspection of the Deli was conducted and the following details the results of that inspection[1]:

There is no signage indicating where the nearest accessible entrance is. There is no bell or buzzer to notify employees that a patron in a wheelchair is in need of assistance. The door, which opens inwards, is recessed and sits over a rise of approximately 7 – 8 inches high. There are no handrails on the sides of the rise.

The following was noted at the entrance:

a) There is no accessible route from the sidewalk to an accessible entrance, as required by 4.1.2(1) and 4.3.2 (1). The rise at the entrance is in violation and presents a barrier to Plaintiff's entry.

b) At least one entrance must be accessible and comply with 4.5 (as required by 4.3.2 (1).) It would be readily achievable to remove the rise at the entrance by ramping.

c) The rise of over ½ inch is in violation of 4.5 and 4.5.2, which require rises over ½ inch to have a ramp complying with 4.7 or 4.8.

d) Even if the Plaintiff was assisted into the facility, there would be no way to exit independently in an emergency. 4.3.10 requires a means of egress to exit in the event of an

---

[1] All numerical citations refer to the Standards and all of the barriers set forth were reviewed with Plaintiff prior to the filing of the complaint.

emergency. The lack of an accessible means of egress further deters Plaintiff from entering, even with assistance.

e) No handrails exist on both sides of the step, as required by 4.9.4 and 4.9.4 (1) which must also comply with 4.26. It would be readily achievable to provide handrails.

f) Alternative measures, such as an exterior any notification system, have not been provided so that the Plaintiff is unable to notify employees inside that assistance is needed outside.

Inside, there are unattached floor mats. The chairs are positioned so that, when occupied, there would be insufficient aisle space for Plaintiff to reach the sales counter in his wheelchair. The tables have a center leg attached to a base, which would obstruct the wheels on Plaintiff's wheelchair and prevent him from rolling his legs under the table. The sales counter, at approximately 42 inches high, is too high for the Plaintiff to reach from a seated position. Directly in front of the sales counter is a pole which sits less than 32 inches from shelving sitting in front of the counter. This pole obstructs the clearance needed for the Plaintiff to maneuver up and around in a wheelchair.

The following is noted inside the Deli:

g) 4.32.3 requires seating to be provided for people in wheelchairs at tables or counters with adequate knee clearance. Clearances must be at least 27 inches high, 30 inches wide and 19 inches deep. The tables do not provide the 27 inch high and 19 inch deep clearance, due to the base on the floor. There is no accessible seating provided to allow the Plaintiff to pull below the table to eat.

h) 4.3.1 requires all aisles which are part of an accessible route to comply with 4.3. 4.3.3 requires a minimum clear width of 36 inches. The main aisle is less than 32 inches wide when tables are occupied.

      i)      4.32.4 requires the tops of counters to be 28-34 inches above the floor.  The sales counter is about 42-43 inches high and has an obstruction in front of it, so a seated patron could not reach it using a side approach.

      j)      The mats placed on the floor are not fastened and create a hazard to the Plaintiff in his wheelchair.

      There is one unisex bathroom available.  The door, which opens outwards, has round knobs on both sides.  The room size is approximately 55 inches by 65-70 inches.  There are no grab bars on the side or back of the toilet.  If you are standing in front of the toilet, the flusher is against the wall.  There are only about 13-15 inches between the centerline of the toilet and the wall. The toilet paper dispenser is attached to the wall over 12 inches from the toilet.  The sink sits on top of a cabinet which extends to the floor.  The cabinet does not provide clearance to roll below the sink.  The sink faucet offers twist type knobs for the water controls.  The paper towel dispenser and the soap dispenser are both too high for the Plaintiff to reach from a seated position, over 48 inches above the floor.  The bottom of the mirror is over 48 inches above the floor.

      The following is noted with respect to the toilet room:

      k)      The door knobs present a barrier to opening the door by individuals with limited dexterity.  The knobs on the bathroom door should be changed so that tight grasping, pinching, or twisting of the wrist is not required to operate.

      l)      The lack of grab bars create a barrier to people in wheelchairs transferring to the toilet.  Grab bars should be installed on both the back and side of the toilet to allow an independent transfer.

      m)      The mirror is too high to be used by the seated Plaintiff.  The mirror should be rehung so that the bottom edge of the reflecting surface is no more than 40 inches above the floor.

n) The dispensers are hung too high to be reached by a seated patron. The paper towel dispenser and soap dispenser should be re-positioned so they are no more than 48 inches high.

o) The faucet handles create a barrier for by individuals with limited dexterity. The faucet controls should be replaced with levers that do not require a tight grasping, pinching, or twisting of the wrist to operate them.

p) The cabinet does not provide people in wheelchairs clearance to roll below the sink. The cabinet beneath the sink should be removed to allow the Plaintiff the toe and knee clearance. Any exposed pipes beneath the sink should be insulated to protect the plaintiff from burns.

q) The distance between the toilet and the toilet paper dispenser creates a barrier to a person with limited dexterity. The toilet paper dispenser should be moved closer to the toilet.

## **CLAIMS FOR RELIEF**

### **CLAIM I**

READILY ACHIEVABLE BARRIER REMOVAL

23. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 22. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

### **CLAIM II**

READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

24. In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 22, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

25. By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

## CLAIM III

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

26. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 22. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

27. In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required, in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

28. The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code § 8-107(4) by maintaining and/or creating inaccessible places of public accommodation.

29. It is readily achievable for Defendants to remove the barriers to access identified in paragraph 22.

30. It is unlawful discriminatory practice for Defendants to withhold from or deny to Plaintiff the full and equal enjoyment, on equal terms and conditions, of any of the services and facilities of Deli because of any disability.

31. By failing to remove barriers to access hereinabove set forth, Defendants have deprived Plaintiff of the equal enjoyment of the services and facilities of the Deli and have, therefore, violated the Administrative Code.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiffs as to the Defendants' place of public accommodation

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, as set forth in this Complaint;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

F. Find that Plaintiffs are prevailing parties in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

G. For such other and further relief to which Plaintiffs may be justly entitled.

Dated: November 28, 2019

*Donald J. Weiss*
Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440

9